BALDRIDGE, PLAINTIFF, *v.* TOOMBS, DEFENDANT.

Common Pleas Court, Scioto County.

No. 47604. Decided July 30, 1962.

*Gladys E. Davis,* for plaintiff.
*Mr. E. G. Littleton,* for defendant.

THOMPSON, J. This case is now before the court on the

question of the signing of the Journal Entry prepared and submitted by the defendant reflecting the opinion and finding of the court in sustaining the defendant's demurrer to plaintiff's petition on the ground that the cause of action is barred by the statute of limitations, denying plaintiff leave to amend and dismissing plaintiff's petition.

During oral argument on the journal entry, the plaintiff tendered an amended petition which it was agreed would be filed if the court found that the plaintiff should be granted leave to amend.

The question now before the court is, whether the plaintiff should be given leave to amend after the sustaining of the demurrer or should the plaintiff's petition be dismissed.

Section 2309.60, Revised Code, provides as follows:

"If a demurrer is sustained, the adverse party may amend if the defect thus can be remedied, with or without costs as the court directs - - -."

We, therefore, must determine now whether the proposed amended petition remedies the defect and takes the case out of the statute of limitations. Stated another way, if the plaintiff is not successful in his amended petition in changing his cause of action from one based on criminal conversation to one in fraud, then the same objection may be raised to the amended petition as to the original.

The plaintiff has added some new language in the amended petition in further effort to make the cause of action sound in fraud rather than in criminal conversation, but as stated in the original opinion on the demurrer, we feel that when the facts are analysed and the rights of the plaintiff and the legal duty of the defendant is determined, we still have the cause of action occurring on April 11, 1956, which makes the cause of action barred by the statute of limitations and this cannot be changed by any amendment to the petition.

The syllabus, paragraphs No. 1 and 3 of the case of *Lichter* v. *Land Title Guarantee & Trust Company*, Common Pleas Court, Franklin County, 77 Ohio Law Abs., 335, reads as follows:

"1. After a demurrer is sustained to a petition, an amended petition cannot be filed as a matter of right and leave to file

such an amended petition must be sought and the matter is one resting in the sound discretion of the court.

"3. Where a petition as amended would be subject to the same demurrer sustained to the prior petition, the defect is not remedied within the purview of the language of Section 2309.60, Revised Code, and leave to file such amended petition should be denied."

Leave to amend is therefore denied and plaintiff's petition is therefore dismissed.